**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SHELBY PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-573-HEA |
| ) | |
| AMERISTAR CASINO ST. CHARLES, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Shelby Patterson for leave to proceed in forma pauperis. (ECF No. 2). Upon consideration of the motion and the financial information provided therein, the Court concludes that Plaintiff is unable to pay the filing fee. The motion will therefore be granted.

Shortly after filing the original complaint, Plaintiff filed an Amended Complaint. (ECF No. 4). However, the Amended Complaint is defective because it is unsigned. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and directs this Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Therefore, the Court will give Plaintiff the opportunity to correct the omission of his signature.

Plaintiff has also filed a motion for the appointment of counsel. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is

such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

Here, there is no indication that the appointment of counsel would be of sufficient benefit to Plaintiff or the Court. There is no indication that the factual issues or legal arguments are complex, nor is there any indication that Plaintiff will be unable to investigate the facts and present his claims. In fact, Plaintiff has thus far demonstrated his ability to file cogent pleadings and motions with the Court. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 5) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall return the Amended Complaint (ECF No. 4) to Plaintiff.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the date of this Memorandum and Order, Plaintiff must sign the Amended Complaint, and return it to the Court.

Plaintiff's failure to timely comply with this Order will result in the Amended Complaint being stricken pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Dated this 14th day of September, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE